IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Dorine Boykin, ) | |
| ) | C/A No. 0:18-1288-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Nancy A. Berryhill, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Dorine Boykin filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, on the basis that she was the prevailing party and the position taken by the Commissioner in this action was not substantially justified. (ECF No. 14). Specifically, Plaintiff moves for an award of attorney's fees in the amount of $5,705.28 for 28.3 hours of attorney's time. (ECF Nos. 14 at 1; 14-2 at 2).[1] The Commissioner has filed a response in which she stipulates to a $5,000.00 award of attorney's fees. (ECF No. 16).

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States, unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A).[2] The district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap. *Pierce v. Underwood,* 487 U.S. 552 (1988); *May v. Sullivan*, 936 F.2d 176, 177 (4th Cir. 1991).

---

[1] The requested rate is $210.60 per hour for attorney time. (ECF No. 14-2 at 2).

[2] A party who is granteda remand pursuant to sentence four of the Social Security Act, 42 U.S.C. 405(g), is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993). The remand in this case was made pursuant to sentence four. (ECF No. 12).

1

The district courts also have broad discretion to set the attorney fee amount. In determining the fee award, "[e]xorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize and discount." *Hyatt v. North Carolina Dep't of Human Res.*, 315 F.3d 239, 254 (4th Cir. 2002) (citing *Comm'r v. Jean*, 496 U.S. 154, 163 (1990)). Additionally, the court should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99-80, § 2(c)(2)(B).

Despite there being no opposition to the motion, the court is obligated under the EAJA to determine if the fee is proper. *See Design & Prod., Inc. v. United States*, 21 Cl.Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation."). Applying the above standard to the facts of this case, the court concludes that the Commissioner's position was not substantially justified. Furthermore, after a thorough review of the record, the court finds a fee award of $5,000.00 is appropriate. Accordingly, the court orders that Plaintiff be awarded $5,000.00 in attorney's fees.[3]

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

March 15, 2019
Anderson, South Carolina

---

[3] The court notes that the fees must be paid to Plaintiff. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (June 14, 2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); *see also Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (same).